KOESTER, Appellant, vs. VILLAGE OF PARDEEVILLE and others, Respondents.

*April 5—April 30, 1929.*

56

For the appellant there were briefs by *W. C. O'Connell* of Fox Lake and *Bagley, Spohn & Ross* of Madison, and oral argument by *Mr. O'Connell, Mr. William H. Spohn,* and *Mr. Myron Stevens* of Madison.

For the respondents there was a brief by *Grady, Farnsworth & Walker* of Portage, attorneys for the village of Pardeeville and L. H. Becker, and *Bogue & Sanderson* of Portage, attorneys for the Angie Williams Cox Library and H. P. Thompson, and oral argument by *Dorothy Walker, Daniel H. Grady,* and *David Bogue.*

ROSENBERRY, C. J. The legality of the appropriation by the village is challenged upon the grounds (1st) that the premises leased do not constitute a civic center and there is therefore no statutory authority for the making of the appropriation; (2d) that the appropriation is not for a public purpose; and (3d) that the lease is void because too indefinite and not properly executed. The controversy in this case arises mainly because of the provisions of articles 7, 8, and 9 of the articles of incorporation of the library, the material parts of which are as follows:

"Article seventh. . . . No person shall be eligible to be either elected or appointed either an officer, member, or employee of said corporation who is a member of the Roman Catholic Church; . . ."

"But any and all members of said Roman Catholic Church shall have free use and benefit of the books in said library, and may place their periodical publications in said library, and also any book which by its printed title-page plainly states and shows that it is published by or in the interests of said church; subject nevertheless to the discretion of the board of directors.

"Article eighth. The board of directors shall be the final judges of the fitness or admissibility of any book or publica-

tion to be admitted into or remain in said library, except that no history, encyclopedia, or other reference work shall be admitted to or remain in said library that has been deleted, or so changed that it does not state the true historical facts as generally accepted.

"Article ninth. (These articles may be amended) . . . except that articles 2–7–8 shall not be altered in any manner whatever. . . ."

There has been a great deal of controversy in this case over matters which we do not find it necessary to consider or determine. Reduced to its simplest terms the transaction amounts to this: there was upon the principal street of the village of Pardeeville a building housing a library containing rest rooms and rooms suitable for public gatherings, with a park, drinking fountain, benches, etc. The community was about to lose the use of this property because Mrs. Cox had threatened to remove it to some place where it would be more appreciated. The village board thereupon entered into an arrangement by which they leased the library and premises as a community center for one year for the sum of $500.

If the premises were adapted to and suitable for community uses and the village board had control of the same during the period of the lease and they were in fact used for community purposes, it seems immaterial from whom they were rented. The library board did not control the premises during the year, no public moneys were to be or in fact were expended for books of any kind. By reason of the payment of $500 the village in part at least discharged the obligation placed upon it by sec. 61.34, Stats. 1927, to provide a community center. Because the village did not do all that the statute required it to do does not deprive it of power to do what it did do.

This is not a case where public funds are appropriated to a capital account of a private corporation which thereafter has sole control over the disbursement and expenditure of the fund, but is a case where the premises are leased for the

purpose for which the village was authorized to lease such premises and where the control remains with the village board during the period of the lease to the extent of securing all of the advantages set forth for the residents of the village. As long as the library is leased by the village and so subject to its control and is open to all members of the public without discrimination and is used for the purposes which are by the statute declared to be public purposes, we are unable to perceive how any question arises under the constitution or otherwise. The trial court found, and such appears to be the fact, that the lease was not a scheme or subterfuge for making an appropriation to the library board, but was a good-faith attempt on the part of the village board to procure the continuance of the operation of the library for purely public purposes. The village board disbursed the funds of the village for an authorized public purpose. The case is no different than the employment of a Roman Catholic sisterhood to provide hospital service or a Lutheran orphanage to care for a dependent child.

Although the lease was informal, it being for the period of a year and the rent having been paid and possession having been taken, it was valid as a completed transaction.

*By the Court.*—Judgment affirmed.